*1044926697*

IN THE DISTRICT COURT WITHIN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

BOBBY FRANK WALL and
FRANCES LOUISE ANNE MOORE-WALL,

        Plaintiffs,

v.

HARMAN INTERNATIONAL INDUSTRIES,
INCORPORATED AND SPRINT
COMMUNICATIONS COMPANY, L.P.

        Defendants.

DISTRICT COURT
FILED
SEP 3 0 2019
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

Case No. _____

LINDA G. MORRISSEY

CJ-2019 03818

## PLAINTIFFS' ORIGINAL PETITION

COME NOW, Plaintiffs BOBBY FRANK WALL and FRANCES LOUISE ANNE MOORE-WALL, and file this their Original Petition against Defendants HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED and SPRINT COMMUNICATIONS COMPANY, L.P., and in support thereof would respectfully show the Court as follows:

### I.
### PARTIES

1. Plaintiffs BOBBY FRANK WALL and FRANCES LOUISE ANNE MOORE-WALL (collectively "MR. AND MRS. WALL" or "WALLS" or "PLAINTIFFS) are residents of Tulsa, Tulsa County, Oklahoma and they maintain their residence at 7031 E. 48th Street, Tulsa, Oklahoma 74145.

2. Defendant HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED ("HARMAN INTERNATIONAL") is a nonresident Delaware corporation that engages in business in Oklahoma but has not appointed, maintained or designated an agent for service of process upon whom service can be made in Oklahoma. Therefore, pursuant to Okla. Stat. Ann. tit. 12, §2004 (c)(1)(c)(3), §2004 (c)(2)(a), and §2004 (c)(4)(b), Plaintiffs shall first attempt service

EXHIBIT 1

of HARMAN INTERNATIONAL by certified mail return receipt requested to the last known address of the agent authorized by appointment to receive service of process, which is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801. If this process of service fails, Plaintiffs shall resort to service on the Secretary of State as the proper agent for service of process for HARMAN INTERNATIONAL and service of process may be accomplished by filing two copies of the summons and petition with the Secretary of State, notifying the Secretary of State that service is being made pursuant to the provisions of paragraph Okla. Stat. Ann. tit. 12, §2004 (c)(4)(c), and paying the Secretary of State the fee prescribed in paragraph 7 of subsection A of Section 1142 of Title 18 of the Oklahoma Statutes, which fee shall be taxed as part of the costs of the action, suit or proceeding if the Plaintiff shall prevail therein. Within three (3) working days after receiving the summons and petition, the Secretary of State shall send notice by letter, certified mail, return receipt requested, directed to the corporation at its registered office or the last-known address found in the office of the Secretary of State, or if no address is found there, to the corporation's last-known address provided by the Plaintiff.

3. Defendant SPRINT COMMUNICATIONS COMPANY, L.P. ("SPRINT") is a foreign limited partnership that is duly licensed and authorized to do business in Tulsa County, Oklahoma and that may be served with process by serving its registered agent, The Prentice-Hall Corporation System, Oklahoma, 10300 Greenbriar Place, Oklahoma City, OK 73159.

## II.
## JURISDICTION AND VENUE

4. This court has proper jurisdiction over this matter because Tulsa County is the county in which the cause of action arose.

5. Venue is proper in this Court pursuant to Okla. Stat. Ann. tit. 12, § 137 because Tulsa County is the county in which Defendant HARMAN INTERNATIONAL has been doing business, the county in which Defendant SPRINT is licensed and authorized to do business, the causes of action or a part thereof arose, and the damages to Plaintiffs' property occurred.

## III.
## FACTUAL BACKGROUND

6. On or about February 25, 2014, HARMAN INTERNATIONAL and SPRINT contracted to sell the Harman Kardon Onyx Studio wireless speaker system ("HARMAN INTERNATIONAL SPEAKER") exclusively at SPRINT stores and online at www.Sprint.com. HARMAN INTERNATIONAL and SPRINT agreed to offer a discounted HARMAN INTERNATIONAL SPEAKER to prospective SPRINT customers to entice them to purchase SPRINT's other goods and services.

7. HARMAN INTERNATIONAL designed, manufactured, assembled, marketed, distributed (including all of its component parts), and sold the HARMAN INTERNATIONAL SPEAKER.

8. As the HARMAN INTERNATIONAL SPEAKER was exclusively being sold at SPRINT, upon information and belief, SPRINT worked in concert with HARMAN INTERNATIONAL and exercised substantial control over the aspect of the design, testing, manufacture, packaging, or labeling of the HARMAN INTERNATIONAL SPEAKER.

9. Plaintiffs at all times material owned and lived at their home located at 206 W. Durham Place, Broken Arrow, Oklahoma 74011 ("WALLS' HOME"). On September 6, 2014, THE WALLS presented to SPRINT's store located at 40688 Winchester Road, Suite A, Temecula, California 92951 for a promotion that with the purchase of three (3) Galaxy Tab 7.0 Book Covers, the HARMAN INTERNATIONAL SPEAKER would be offered at a reduced price of $99.99

(compared to the original price of $399.99). THE WALLS purchased the HARMAN INTERNATIONAL SPEAKER for the discounted rate from SPRINT.

10. On or around March 2019, the HARMAN INTERNATIONAL SPEAKER was charged and then was placed back in to the original packaging and placed on a shelf in the closet of the master bedroom of WALLS' HOME.

11. On or around March 7, 2019, a fire occurred at WALLS' HOME. The fire originated in the HARMAN INTERNATIONAL SPEAKER on the shelf in the Plaintiffs' master bedroom closet.

12. On May 8, 2019, the laboratory examination of the HARMAN INTERNATIONAL SPEAKER occurred at Kilgore Engineering, Inc. located at 3773 S. Jason Street, Unit 2, Englewood, Colorado 80110 and confirmed the defective lithium battery inside the HARMAN INTERNATIONAL SPEAKER was the cause of the fire.

13. As a direct and proximate result of the acts and/or omissions of Defendants HARMAN INTERNATIONAL and SPRINT as described herein, Plaintiffs have sustained and continue to sustain damages in excess of $300,000.00. These damages include, but are not limited to, Plaintiffs' direct damages, incidental damages and consequential damages, including but not limited to diminution in value and/or costs of repairs to WALLS' HOME, Plaintiffs' personal property, loss of use damages and other direct, incidental and/or consequential damages and reasonable and necessary attorneys' fees and interest.

14. All conditions precedent for the commencement of this action have occurred, been waived or otherwise satisfied.

## IV.
## CAUSES OF ACTION

A.  **STRICT PRODUCTS LIABILITY**

15.  As and for their first cause of action against Defendants HARMAN INTERNATIONAL and SPRINT, Plaintiffs restate and re-allege paragraphs 1 – 14 above, as if fully stated herein, and would further show the Court as follows:

16.  On information and belief, at the time Defendants HARMAN INTERNATIONAL and SPRINT designed, manufactured and marketed and put the HARMAN INTERNATIONAL SPEAKER into the stream of commerce, and at the time Defendant SPRINT sold and/or distributed the HARMAN INTERNATIONAL SPEAKER, the HARMAN INTERNATIONAL SPEAKER was defective and unsafe for its intended purpose. The HARMAN INTERNATIONAL SPEAKER was defective because it was designed, manufactured, marketed, distributed and/or sold in such a manner that it would fail and cause a fire and cause Plaintiffs to incur significant damages. The HARMAN INTERNATIONAL SPEAKER was in the same condition when it failed on or about March 7, 2019 as when it was originally designed, manufactured, marketed, distributed and/or sold and left in the hands of HARMAN INTERNATIONAL and SPRINT.

17.  The HARMAN INTERNATIONAL SPEAKER was defective and unsafe for its intended purpose at the time it left the control of the Defendants HARMAN INTERNATIONAL and SPRINT. The HARMAN INTERNATIONAL SPEAKER was defectively designed, manufactured, marketed, distributed and/or sold and was, therefore, unreasonably dangerous because it would fail during normal use and cause a fire. There were no warnings that the HARMAN INTERNATIONAL SPEAKER was defective or its use should be restricted or limited in scope. Therefore, Plaintiffs invokes the doctrine of strict liability pursuant to the Restatement

of Torts (Second) Section 402A. The defective design, manufacture, marketing, distribution, and/or sale of the HARMAN INTERNATIONAL SPEAKER by HARMAN INTERNATIONAL and SPRINT were producing causes of the WALLS' damages, as described in paragraphs 6 – 14 above, for which HARMAN INTERNATIONAL and SPRINT are strictly liable to the WALLS.

**B.      NEGLIGENCE**

18.     As and for their second cause of action against Defendants HARMAN INTERNATIONAL and SPRINT, Plaintiffs restate and re-allege paragraphs 1 – 17 above, as if fully stated herein, and would further show the Court as follows:

19.     Defendants HARMAN INTERNATIONAL and SPRINT were negligent and breached their duties owed to Plaintiffs and proximately caused WALLS' damages, as described in Paragraphs 6 – 14 above. The negligent acts, inactions and/or omissions of HARMAN INTERNATIONAL and SPRINT include, but are not limited to:

   a. Designing, manufacturing, marketing, selling and/or distributing the HARMAN INTERNATIONAL SPEAKER that would fail and cause a fire;

   b. Creating a dangerous, hazardous and unsafe condition within the HARMAN INTERNATIONAL SPEAKER where this speaker could fail and cause a fire;

   c. Failing to warn or disclose to the WALLS any problems or deficiencies or potential problems or deficiencies in the HARMAN INTERNATIONAL SPEAKER or the materials used in the HARMAN INTERNATIONAL SPEAKER;

   d. Failing to warn or disclose to the WALLS that the HARMAN INTERNATIONAL SPEAKER could fail and cause a fire;

   e. Failing to take necessary and reasonable precautions to safeguard the WALLS and the WALLS' HOME; and

   f. Otherwise failing to exercise due care under the circumstances.

20.     Defendants HARMAN INTERNATIONAL and SPRINT's negligence, as described above, proximately caused all of Plaintiffs' damages, as described in paragraphs 6– 14

6

above, and Defendants are liable to the WALLS for these damages.

21.     All of the damages sustained by Plaintiffs, as described in paragraphs 6– 14 above, were foreseeable by Defendants HARMAN INTERNATIONAL and SPRINT.

## V.
## JURY DEMAND

22.     On and before March 7, 2019, The Travelers Home and Marine Insurance Company ("TRAVELERS") insured the WALLS under insurance policy number 0DJX44-601546162633-1 ("TRAVELERS POLICY"), that provided the WALLS coverage for damages to the WALLS' HOME at 206 W. Durham Place, Broken Arrow, Oklahoma 74011. Pursuant to the TRAVELERS POLICY, to date, TRAVELERS has paid a sum in excess of Three Hundred Twenty-Three Thousand One Hundred Forty-Eight and 34/100 Dollars ($323,148.34) to and on behalf of the WALLS for damages arising from the March 7, 2019 fire made the basis of this lawsuit. TRAVELERS is subrogated to any right of recovery or cause of action that the WALLS have against Defendants HARMAN INTERNATIONAL and SPRINT for damages, including the claims and causes of action pled herein.

23.     Plaintiffs hereby demand a jury trial and tender their jury fee with this Plaintiffs' Original Petition.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that they have judgment against Defendants HARMAN INTERNATIONAL INDUSTRIES, INCORPORATED and SPRINT COMMUNICATIONS COMPANY, L.P. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with pre-judgment interest until the date of judgment, at the highest interest rate allowed by law; interest from the date of judgment until paid, at the highest

interest rate allowed by law; reasonable and necessary attorneys' fees; costs of court; and all other relief, both special and general, at law and in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

By _____
DAN S. FOLLUO, OBA# 11303
dfolluo@rhodesokla.com
RHODES, HIERONYMUS, JONES,
TUCKER & GABLE
P.O. Box 21100
Tulsa, Oklahoma 74121-1100
(918) 582-1173
(918) 592-3390 Facsimile
**ATTORNEYS FOR PLAINTIFFS**
**BOBBY FRANK WALL and**
**FRANCES LOUISE ANNE MOORE-WALL**

And _____
JAMES K. LAROE
Texas Bar No. 11954500
jlaroe@laroepc.com
THE LAW OFFICES OF JAMES K. LAROE, P.C.
5910 North Central Expressway, Ste. 700
Dallas, Texas 75206
(214) 219-9000
(214) 219-9009 Facsimile
**ATTORNEYS FOR PLAINTIFFS**
**BOBBY FRANK WALL and**
**FRANCES LOUISE ANNE MOORE-WALL**
*PRO HAC VICE MOTION TO BE FILED*

8